I. HOLDBERG, Respondent, v. AARON KAHN, Appellant.

Kansas City Court of Appeals, November 7, 1898.

Evidence: COLLATERAL FACTS. In an action where the sole issue is whether the contract between the parties provided for a certain retained salary to be paid at the end of the service, evidence of the financial necessities of the plaintiff during his service is collateral, irrelevant and inadmissible.

*Appeal from the Buchanan Circuit Court.*—HON. R. E. CULVER, Judge.

REVERSED AND REMANDED.

VINTON PIKE for appellant.

The court erred in excluding evidence of plaintiff's financial condition and of his conversation with defendant respecting his ability to pay his bills. Riddle v. Dixon, 2 Pa. St. 372; Buswell, etc., v. Case, 144 Mass. 350; Sears v. Railroad, 152 Mass. 151; Seligman v. Rogers, 113 Mo. 642; Wentworth v. Railroad, 143 Mass. 248; Ireland v. Railroad, 79 Mich. 163; Bathrick v. Post & Tribune, 50 Mich. 633; Whart. Ev., sec. 20; Trull v. True, 33 Me. 367; Scott v. State, 56 Miss. 287; State v. O'Niel, 13 Ore. 183; State v.

Burpee, 65 Vt. 1; Holmes v. Goldsmith, 147 U. S. 150; Brown v. Clark, 14 Pa. St. 469; Gillett Ind. & Coll. Ev., secs. 1, 13, 24, 51, 61, 78.

CROW & EASTIN and HALL & WOODSON for respondent.

The court properly excluded the evidence of plaintiff's financial condition and ability to pay his debts. That evidence had absolutely no bearing upon the issues in this case. 1 Greenl. Ev. [14 Ed.], sec. 52; Bank v. Murdock, 62 Mo. 70; State v. Jackson, 95 Mo. 649; 1 Whart. Ev., sec. 29; Mathias v. O'Niel, 94 Mo. 525; Reynold Stephen on Evidence, p. 6.

GILL, J.—On November 1, 1893, plaintiff began work for defendant as salesman in the latter's clothing store at St. Joseph, and continued there for three years and eight months, the engagement terminating by consent July 1, 1897. Plaintiff claims that by the terms of the contract entered into between him and the defendant at the beginning of his service, he (the plaintiff) was to receive $85 per month—$75 of which was to be paid monthly and the remaining $10 a month was to be retained by defendant and paid to plaintiff in bulk when he quit the service of defendant. As already stated, plaintiff left defendant's employ at the end of forty-four months when he demanded the $440, which defendant refused to pay, and thereupon plaintiff brought this suit. The difference between the parties relates solely to the terms of the original contract— defendant claiming that he was to pay, and did pay, a monthly salary of $75 and that he never agreed to pay plaintiff the additional $10 a month.

On a trial of this issue by jury, where there was evidence either way, plaintiff had a verdict and judg-

ment for the full amount sued for, and defendant appealed.

The principal error assigned relates to the circuit court's action in excluding certain testimony offered by defendant to the effect that occasionally during plaintiff's term of service he (the plaintiff) failed to pay his bills and for the reason then given that he had no money. Defendant's counsel insist that this evidence was proper as tending to disprove plaintiff's claim that he had a growing fund arising out of the $10 a month retained by the defendant—that if the plaintiff had such a fund he would have drawn thereon to pay these debts.

The inference is not a fair and reasonable one. For according to plaintiff's version of the contract he was not entitled to the extra $10 a month until the expiration of his employment. He had no right therefore at any time during his engagement to call on defendant for any portion of this extra pay, and it will not be presumed that he would do so. Plaintiff's conduct then respecting these debts would not, even in a remote degree, tend to prove or disprove the theory or claim of either party—such circumstances could throw no light whatever on the issue. The offered testimony was irrelevant. 1 Greenl. on Ev. [14 Ed.], sec. 52; 1 Whart. on Ev. [3 Ed.], secs. 21, 22. "This rule," says Greenleaf, "excludes all evidence of *collateral facts*, or those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute; and the reason is that such evidence tends to draw away the minds of the jurors from the point in issue, and to excite prejudice and mislead them."

As to the instructions given, we need only say that when they are all read together as one charge, they fairly submitted the one sole issue to the jury. The case is a simple one, and there was nothing stated in

the instructions that could possibly have misled the jury.    This appeal is without merit.

Judgment affirmed.    All concur.